

**Douglas S. Eakeley**
Member of the Firm
Tel  973 597 2348
Fax 973 597 2349
deakeley@lowenstein.com

January 11, 2012

**VIA ELECTRONIC CASE FILING**

Honorable Mark A. Falk
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   City of Southfield Police and Fire Retirement Systems v. Carroll, No. 11-cv-07416 (D.N.J. Dec. 21, 2011); Louisiana Municipal Police Employee's Retirement System v. Carroll, No. 11-cv-7571 (D.N.J. Dec. 28, 2011)

Dear Judge Falk:

Along with Wachtell, Lipton, Rosen & Katz, we are counsel for Defendants Vulcan Materials Company ("Vulcan") and members of Vulcan's board of directors in the above-captioned actions. We submit this letter in response to plaintiffs' letter of January 9, 2012, requesting expedited discovery. As further set forth below, we believe that any consideration of expedition should be deferred until there is an opportunity for these cases to be coordinated or consolidated with a substantially identical putative shareholder class action suit pending in the United States District Court for the Northern District of Alabama.

On December 12, 2011, Martin Marietta Materials, Inc. ("Martin Marietta") announced that it was launching a hostile exchange offer for Vulcan's shares. Simultaneous with its announcement, Martin Marietta filed two declaratory judgment actions against Vulcan in state courts in New Jersey and Delaware. *Martin Marietta Materials, Inc. v. Vulcan Materials Company*, No. C-83-11 (N.J. Ch. Dec. 12, 2011) (the "New Jersey State Action"); *Martin Marietta Materials, Inc. v. Vulcan Materials Company*, No. 7102-CS (Del. Ch. Dec. 12, 2011) (the "Delaware State Action"). On December 19, Vulcan filed an action against Martin Marietta in the United States District Court for the Northern District of Alabama, claiming (among other things) that Martin Marietta's exchange offer violated Section 14 of the Securities Exchange Act of 1934. *Vulcan Materials Company v. Martin Marietta Materials, Inc.*, No. cv-11-co-4248-S (N.D. Ala. Dec. 19, 2011) ("Vulcan's Alabama Action").

Independent of the litigations now pending between Vulcan and Martin Marietta, three putative class actions have been filed on behalf of Vulcan's shareholders against Vulcan and members of its Board of Directors challenging, the Company's response to Martin Marietta's hostile takeover attempt—two in this Court, and one in the United States District Court for the Northern District of Alabama. Plaintiffs filed the first such action in this Court, captioned *City of Southfield Police & Fire Retirement Systems v. Carroll, et al.*, No. 11-cv-07416 (the "Southfield Action"), on

Honorable Mark A. Falk  
Page 2

January 11, 2012

December 21, 2011. On December 27, 2011, a separate group of shareholders filed a complaint in the United States District Court for the Northern District of Alabama, captioned *KBC Asset Management NV v. James, et al.*, No. 11-cv-04323 (N.D. Ala. Dec. 27, 2011) (the "KBC Action"). On December 28, 2011, plaintiffs filed another shareholder action in this Court, captioned *Louisiana Municipal Police Employee's Retirement System v. Carroll, et al.*, No. 11-cv-7571 (the "Louisiana Municipal Action"). All three shareholder actions assert state law breach-of-fiduciary-duty claims against the same defendants on behalf of the same putative class of Vulcan shareholders, and seek substantially the same relief.[1]

Defendants believe that all three putative shareholder class actions should be consolidated in a single venue. During a telephonic conference on January 5, 2012, the Honorable L. Scott Coogler of the Northern District of Alabama indicated that he intended to contact the Honorable William J. Martini to discuss coordination of the three shareholder suits. Judge Coogler also requested that plaintiffs' counsel in the KBC Action contact plaintiffs' counsel in the two District of New Jersey actions to discuss the possible consolidation of all three actions in a single forum. Judge Coogler has set a scheduling conference for this Friday, January 13, 2012.

Plaintiffs served Vulcan and the Board on January 6, 2012 in both the Southfield Action and the Louisiana Municipal Action. Just three days later, on January 9, 2012, plaintiffs submitted their letter requesting expedited discovery.

Under these circumstances, plaintiffs' request for expedited discovery is premature and plainly unreasonable. Defendants should not be required to defend against the same exact claims, requiring the same exact discovery, against different plaintiffs in different forums with competing schedules. Accordingly, defendants intend to pursue consolidation of all the shareholder actions either by consent through the process initiated by Judge Coogler or, if agreement cannot be reached, by judicial order. Until a single forum is designated for adjudication of these shareholder actions, defendants submit that expedition should not be considered piecemeal in either this forum or in the Northern District of Alabama. Accordingly, plaintiffs' request for expedited discovery in these actions should be denied.

Respectfully submitted,

/s/ Douglas S. Eakeley

DSE:mr

V8981/8
01/11/12 19458432.1

Enclosure(s)
cc:     James E. Cecchi (via ECF)

---

[1] A copy of the Complaint in the KBC Action is included with this letter for the Court's convenience.

**Lowenstein Sandler**
ATTORNEYS AT LAW