# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | | STEPHEN R. DANEK |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | ERIC MAGNELLI |
| JOHN M. AGNELLO | MELISSA E. FLAX | OF COUNSEL | DONALD A. ECKLUND |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | AUDRA E. PETROLLE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | MEGAN A. NATALE |
| | G. GLENNON TROUBLEFIELD | | AMANDA J. BARISICH |
| | BRIAN H. FENLON | | |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | °MEMBER N.Y. BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | | | |

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

January 11, 2012

**VIA ECF**

Honorable Mark A. Falk
United States Magistrate Judge
United States District Court
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

     Re: *City of Southfield Police and Fire Retirement System v. Carroll, Jr., et. al.* Civil Action No. 11-7416(WJM)(MF) and *Louisiana Municipal Police Employees' Retirement System v. Carroll, Jr., et. al.*, Civil Action No. 11-7571(WJM)(MF)

Dear Judge Falk:

  We are co-counsel for Plaintiffs in the above-styled action. Please accept this letter in support of Plaintiffs' application to appoint Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), Grant & Eisenhofer and Bernstein, Litowitz, Berger & Grossmann ("Bernstein Litowitz") as Interim Class Counsel pursuant to Rule 23(g). We also request consolidation of the above-styled actions as they involve common questions of law and fact. A proposed form of Order is enclosed for the Court's convenience.

    **A.** **Appointment of Proposed Class and Liaison Counsel is Appropriate**

  Pursuant to Fed.R.Civ.P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, the factors to be considered focus on the work counsel has done in investigating and identifying the claims, counsel's experience, and the resources counsel can bring to bear. Thus, a Court:

> must inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class;

January 11, 2012
Page 2

and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.271 (2004).

Courts apply the same factors when appointing interim class counsel that they apply when choosing class counsel at the time of certification of the class.  *See Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008); *In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed.R.Civ.P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

Rule 23(g)(1) provides, in relevant part, that in appointing class counsel the Court :

(A)     must consider:

    (i)     the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)   counsel's knowledge of the applicable law; and

    (iv)    the resources that counsel will commit to representing the class;

(B)     may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

A class is fairly and adequately represented where counsel is qualified, experienced, and generally able to conduct the litigation on its behalf.  *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Prudential Insurance of America Sales Practices Litigation*, 962 F.Supp. 450, 519 (D.N.J. 1997).  While no one factor under Rule 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigatory and analytical efforts of counsel can be a deciding factor:

> [i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken.  All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120[3][a] (3D. ED. 2007)

January 11, 2012
Page 3

Our work in identifying and investigating the claims in this case demonstrates that we will fairly and adequately represent the class. Proposed Interim Class Counsel and Liaison counsel have conducted an extensive investigation as to the potential claims arising from Defendants' Vulcan Materials Company and its board of directors actions to improperly block the proposed Martin Marietta Materials, Inc. exchange offer.

Proposed Interim Class Counsel are experienced in complex and class action litigation of this nature and are well qualified to lead the Class under Rule 23. While our firms' work and qualifications are well know to the Court, our respective firm resumes are enclosed for the Court's convenience. In summary, Carella Byrne is very familiar litigating large-scale and complex shareholder class-actions, and are, of course, very familiar with this Court's rules and procedures. Similarly, the firms of Grant & Eisenhofer and Bernstein, Litowitz, Berger & Grossmann have extensive experience in litigating large-scale shareholder class-actions, and are familiar with this Court's rules and procedures. Together, our three firms will work together to capitalize on our unique knowledge of the claims to further the class's interests and maximize their recovery.

B.   Consolidation is Appropriate

In addition to the appointment of Class and Liaison counsel, we also request consolidation of (a) *City of Southfield Police and Fire Retirement System on behalf of itself and all other similarly situated shareholders of Vulcan Materials Company v. Philip J. Carroll, Jr., Phillip W. Farmer, H. Allen Franklin, Donald M. James, Ann McLaughlin Korologos, Dougls J. McGregor, Richard T. O'Brien, James T. Prokopanko, Donald B. Rice, Vincint J. Trosino, and Vulcan Materials Company* (C.A. no. 2:11-07416(WJM)(MF); and (b) *LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all other similarly situated shareholders of VULCAN MATERIALS COMPANY v. Philip J. Carroll, Jr., Phillip W. Farmer, H. Allen Franklin, Donald M. James, Ann McLaughlin Korologos, Dougls J. McGregor, Richard T. O'Brien, James T. Prokopanko, Donald B. Rice, Vincint J. Trosino, and Vulcan Materials Company* (C.A. no. 2:11-07571(WJM)(MF) (collectively, the "Related Actions"), and any subsequently filed or transferred class actions in the United States District Court for the District of New Jersey against Vulcan and the Individual Defendants relating to the proposed transaction with Martin Marietta Materials Company described in Plaintiffs' pleadings.

Rule 42(a) permits the consolidation of actions where the actions involve common questions of law or fact. *See, e.g., A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003). Each of the Related Actions alleges violations of the Individual Defendants' fiduciary duties to Plaintiffs and all shareholders of Vulcan based on the same course of conduct. Furthermore, each Related Action seeks identical remedies. As the actions involve the same subject matter, the administration of justice would be best served by consolidating the actions. There is agreement among the parties that consolidation of Related Actions is appropriate and there is no dispute that the complaint filed in the *Southfield* case (C.A. no. 2:11-07416(WJM)(MF)) should be designated as the operative complaint in the consolidated action.

January 11, 2012
Page 4

      Thank you for your attention to this matter.  Of course, if the Court has any questions, we are available to discuss them either in person or by telephone conference.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

Enclosures